```
JOHN M. GENGA (SB# 125522)
JERL B. LEUTZ (SB# 253229)
GENGA & ASSOCIATES, P.C.
15260 Ventura Boulevard, Suite 1810
Sherman Oaks, California 91403
Telephone: (818) 444-4580
Facsimile: (818) 444-4585

Attorneys for Applicant
EARTHBOUND FILMS, LLC
```

FILED
CLERK, U.S. DISTRICT COURT
AUG 2 0 2012
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARTHBOUND FILMS, LLC, a Delaware limited liability company,<br><br>Applicant,<br><br>vs.<br><br>I VISION PICTURES, CO., LTD., a South Korea corporation,<br><br>Respondent. | Case No.: CV12-05974 (AS(PJWx))<br><br>[PROPOSED] JUDGMENT FOR APPLICANT EARTHBOUND FILMS, LLC<br><br>(*Lodged Concurrently with:* (i) *Application to Confirm Arbitration Award;* and (ii) *Declaration of John M. Genga*)<br><br>[9 U.S.C. § 9]<br><br>DATE: August 20, 2012  10:00 a.m.<br>TIME:<br>CTRM: ___ (Judge Snyder) |

TO ALL PERSONS:

Pursuant to (i) the Petition for Confirmation of Arbitration Award filed herein on July 10, 2012 ("Petition") by petitioner Earthbound Films, LLC ("Earthbound" or "Petitioner") against respondent I Vision Pictures, Co., Ltd. ("I Vision" or "Respondent"), and (ii) the Final Award issued on November 7, 2011 in that certain Arbitration No. 11-60 before the Independent Film & Television Alliance ("Award"), attached as Exhibit A hereto:

1

[PROPOSED] JUDGMENT FOR APPLICANT EARTHBOUND FILMS, LLC

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment shall and hereby does enter in accordance with the Award, in favor of Earthbound and against I Vision, as follows:

1. As between Earthbound and I Vision, Earthbound shall and does have all right, title and interest in and to that certain motion picture entitled *A Little Bit of Heaven*, formerly known as *Earthbound*.

2. I Vision shall be and hereby is liable to pay Earthbound the sum of Two Hundred Seventeen Thousand Seven Hundred Six and 20/100 United States Dollars (US $217,706.20), together with simple interest thereon at the annual rate of 3.3084% from November 1, 2011 (the "Judgment").

3. Interest shall continue to accrue on the Judgment at the annual rate of 3.3084% from and after the date hereof.

4. Earthbound shall recover such attorneys' fees and costs reasonably incurred in connection with obtaining the Judgment as may be demonstrated to the satisfaction of the Court.

IT IS SO ORDERED, ADJUDGED AND DECREED.

DATED: August 20, 2012

_____
Judge, United States District Court

Presented by:

_____
John M. Genga
GENGA & ASSOCIATES, P.C.
Attorneys for Petitioner
EARTHBOUND FILMS, LLC

# EXHIBIT A

**Independent ■
Film & Television
■ ■ ■ Alliance
Arbitration®**

10850 Wilshire Boulevard / 9th Floor
Los Angeles, CA 90024-4321
310-446-1000 TEL / 310-446-1600 FAX
www.ifta-online.org / info@ifta-online.org

November 7, 2011

John M. Genga, Esq.
Genga & Associates, P.C.
15260 Ventura Boulevard, Suite 1810
Sherman Oaks, CA 91403
    Via email: jgenga@gengalaw.com and certified mail

David Jeun
I Vision
3 Fl., Seok Jin Bldg.
46-12 Samsng Dong, Gang Nam-Gu
Seoul, South Korea
    Via email: cool_jeun@naver.com and registered mail

Re:    Arbitration #11-60 – Earthbound Films, LLC v. I Vision Pictures Co., Ltd.

Gentlepersons:

In accordance with Paragraph 12.3 of the applicable IFTA Rules for International Arbitration, enclosed is a fully executed Arbitrator's Findings and Award and final invoice for services rendered in this matter.

This Award is being forwarded to the Parties via email, with an original to follow via certified and/or USPS registered airmail. If you would like to receive the Award via courier, please provide IFTA with your courier account number no later than the next business day from the date of this letter.

Sincerely,
IFTA

*[signature]*

Richonda Starkey
Arbitral Agent

enclosures by certified and registered mail

cc:    Ronald M. Monitz, Esq., Arbitrator – 818-222-9780 w/o attachments
       Kim Tommaselli, Senior Counsel, IFTA
       Susan Cleary, Vice President & General Counsel, IFTA

## DECLARATION OF SERVICE

I, Richonda Starkey, declare as follows:

I act as Arbitral Agent for IFTA Arbitration in Los Angeles, California. I am over the age of eighteen years of age and am not a party to this action. IFTA's address is 10850 Wilshire Boulevard, 9th Floor, Los Angeles, CA 90024. On November 7, 2011, I served the **Arbitrator's Findings and Award** on the interested parties as follows:

☒     **BY REGISTERED AND/OR CERTIFIED MAIL:** I placed a true copy in a sealed envelope addressed the party/ies indicated at the address(es) below. The envelope is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party serviced, service is presumed invalid if postal cancellation date or postage meter date is more than one day after day after date of deposit for mailing in affidavit.

☐     **BY COURIER/OVERNIGHT SERVICE:** I caused DHL Express or Federal Express to deliver a true copy of the aforementioned document(s) in a sealed envelope with airbill addressed to the party/ies indicated at the address(es) shown below.

☐     **BY FACSIMILE:** I caused the aforementioned document to be transmitted by facsimile machine to the parties and numbers indicated below. The transmissions were reported as complete, and no errors were reported by the facsimile machine. Copies of the transmission records are maintained by our office.

☐     **BY PERSONAL SERVICE:** I caused Express Group, Inc. to hand deliver a true copy of the aforementioned document(s) in a sealed envelope addressed to each person(s) named at the address(es) shown below.

☒     **BY ELECTRONIC MAIL (.PDF FORMAT):** I caused a true copy of the aforementioned document(s) to be sent via e-mail (.pdf format) to the interested party/ies at the e-mail address/es indicated below.

Executed on November 7, 2011 at Los Angeles, California.

☒     **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

*/s/ Richonda Starkey*
RICHONDA STARKEY
Arbitral Agent
IFTA Arbitration

# SERVICE LIST

### IFTA Arbitration #11-60
### Earthbound Films, LLC v. I Vision Pictures Co., Ltd.

John M. Genga, Esq.
Genga & Associates, P.C.
15260 Ventura Boulevard, Suite 1810
Sherman Oaks, CA  91403
jgenga@gengalaw.com


David Jeun
I Vision
3 Fl., Seok Jin Bldg.
46-12 Samsng Dong, Gang Nam-Gu
Seoul, South Korea
cool_jeun@naver.com

BEFORE THE
INTERNATIONAL ARBITRATION TRIBUNAL OF THE
INDEPENDENT FILM AND TELEVISION ALLIANCE

| | |
|---|---|
| In the Matter of the Arbitration of: ) | IFTA Case. No.: 11-60 |
| ) | |
| EARTHBOUND FILMS, LLC, ) | |
| ) | **ARBITRATOR'S FINDINGS** |
| Claimant, ) | **AND AWARD** |
| vs. ) | |
| ) | |
| I VISION PICTURES CO., LTD., ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |
| _____ ) | |

      This Arbitration proceeding involves Earthbound Films, LLC ("Claimant") and Respondent I Vision Pictures Co., Ltd. ("Respondent") regarding a motion picture distribution agreement dated November 23, 2010 (the "Agreement") concerning the distribution rights to the motion picture entitled "A Little Bit of Heaven" (the "Picture").

1. **Jurisdiction:** Arbitration jurisdiction under the Rules of the Independent Film & Television Alliance ("IFTA"), dated as of June 1, 2009, was established by the Agreement, Ex. A., ¶ 11.B and the Standard Terms ("S.T.") incorporated into the Agreement, ¶ 15.5.

2. **Applicable Law:** The parties agreed that California law should govern and determine this matter. Id., at 11.B (and S.T. ¶ 21.10).

3. **Default by Respondent:** Respondent defaulted in the proceeding and refused to respond to the Notice of Claim or to the Arbitrator despite multiple requests and opportunity. The Arbitrator provided Respondent with an extension of time to respond to the claim and to the Arbitrator, but no response or communication from Respondent was forthcoming. Further, Respondent failed to remit arbitration fees in this matter, which is a separate default under ¶ 11.1 of the IFTA Rules. The Arbitrator declared Respondent in default on October 3, 2011 but afforded Respondent opportunity to seek reconsideration. Respondent never contacted the Arbitrator about the proceeding, the scheduling of the pre-hearing conference, the conference, or the default. The matter was ordered to

proceed as a default proceeding, with Claimant retaining its burden of proof to establish its claim.

4. **Proceedings Without Hearing:** Claimant requested and received the right to submit this matter on papers alone pursuant to Rule 9.4. The Arbitrator received and considered Claimant's legal brief and the declarations of Marianna Kotmanoczki, Inc Pagliuca and John M. Genga, together with submitted Exhibits A-N.

5. **Standing to Assert Claims:** The original parties to the Agreement were Respondent and Fintage Magyar Kft. ("Fintage"), a licensee of Claimant. Prior to commencing the Claim, Claimant had been assigned all rights to enforce the Agreement from Fintage (who, in the interim, had changed its name to GEM Entertainment Kft.) by assignment dated April 6, 2011. Respondent was sent notice of that assignment.

6. **The Agreement:** Pursuant to the Agreement, Respondent acquired the right to distribute the Picture in the territory of South Korea. Respondent was obligated to pay a minimum guarantee of $200,000.00 for the distribution rights, payable in two installments, one conditioned on execution of the Agreement and the second conditioned on receipt of a Notice of Delivery of motion picture elements as defined in the Agreement. (Ex. A, ¶ 7.A).

7. **Conditions Satisfied:** As demonstrated by declarations submitted by Claimant, both of the afore-mentioned conditions occurred and the obligations to pay arose and were invoiced to Respondent. Invoices totaling $200,000.00 were sent to Respondent. Claimant demonstrated by declaration that Fintage and/or Claimant fully performed the Agreement, except as rendered impossible by Respondent.

8. **Respondent's Breach:** No portion of the contractual amounts was paid by Respondent and there remained due and owing the amount of $200,000.00, due by February 28, 2011, per express extension of payment date noticed to Respondent.

9. **Notice and Failure to Cure:** Respondent failed to pay the amounts due by February 28, 2011 or any other date. Accordingly, Respondent was in default as of March 1, 2011. Claimant notified Respondent of the default situation and requested payment on multiple dates. Respondent failed to cure any default within fourteen (14) days of any demand for overdue payment or at any other time.

10. **Attorneys' Fees and Costs:** The Agreement provides that the prevailing party is also entitled to an award of attorneys' fees and costs in this action. (¶ 11.B). Counsel for Claimant, John M. Genga, sufficiently proved by sworn declaration that Claimant incurred attorneys' fees of $8,280.00, which the Arbitrator finds reasonable in this matter.

11. **Finance Charges:** The Standard Terms incorporated into the Agreement (S.T. 9.9) provide that late payments also triggered and incurred finance charges equal to "three base points over the 3-month London Inter Bank Offered Rate ("LIBOR+3") on the date payment was due...." Claimant sought finance charge amounts in excess of those

permitted by contract. While no proof of the actual finance charges were offered, the Arbitrator is entitled to take judicial notice of the applicable rate and perform the necessary calculation.[1]

12. **Applicable Finance Charges:** The applicable interest rate is the 3-month LIBOR rate, not the 12-month LIBOR rate, per contract. The operative date of default is March 1, 2011, the first day following the February 28 due date. Accordingly, the operative interest rate is 3.3084%, the March LIBOR 3-month rate, from and after March 1, 2011. This rate is posted on multiple internet sites believed to be reliable.

13. **Reversion on Distribution Rights:** The Agreement makes clear that no rights to the Picture vest with Respondent until receipt of full payment of the minimum guarantee of $200,000.00. (¶ 7.A). Accordingly, no rights to the Picture ever vested in Respondent.

14. **Mitigation:** Claimant had a duty to mitigate damages. While no evidence was submitted on the issue of mitigation, Respondent bears the burden of proving the Claimant's mitigation efforts were inadequate. (Hunter v. Croysdill, 169 Cal.App.2d 307, 315 (1959)) Respondent failed to carry that burden.

## AWARD

Accordingly, the Arbitrator orders as follows:

1. A valid motion picture distribution contract dated as of November 23, 2010 was entered into which Respondent materially breached by the failure to pay the minimum amounts due thereunder.

2. The monetary damages for Respondent's breaches are as follows:

|     |                                                              |              |
| --- | ------------------------------------------------------------ | -----------: |
| (a) | Principal:                                                   | $200,000.00  |
| (b) | Interest at 3.3084% from March 1, 2010 - Nov. 1, 2011:       | 4,411.20     |
| (c) | Attorneys' Fees:                                             | 8,280.00     |
| (d) | Costs ($2,500 filing fee & $2,515 Arbitrator Fee):           | 5,015.00     |

For a TOTAL of: $217,706.20

Respondent is hereby ordered forthwith to pay **$217,706.20** to Claimant.

---

[1] Claimant sought interest at 3.7934% contending that the operative rate was "the 12-month LIBOR rate -- effective as of February 28, 2011...." As discussed herein, that claimed calculation was erroneous.

...

3.    Termination of Agreement --

As no rights ever vested with Respondent, the Agreement is hereby deemed terminated retroactive to the date of default and all distribution rights to the Picture in the Territory of South Korea hereby revert to Claimant free and clear of any claim by Respondent or its assignees or successors.

**SO ORDERED.**

DATED:    November 1, 2011
             at Calabasas, California

_____
RONALD M. MONITZ
Arbitrator
IFTA International Arbitration Tribunal

Law Offices Of
## ZIMMERMAN WALKER & MONITZ LLP
A LIMITED LIABILITY PARTNERSHIP

CALABASAS PARK CENTRE
23975 Park Sorrento, Suite 210
Calabasas, California 91302-4011
Telephone: (818) 222-9889
Facsimile: (818) 222-9780
www.zwlaw.com

Tax I.D. No. 95-4546533

November 2, 2011

Earthbound Films c/o John Genga Esq.
15260 Ventura Blvd
Suite 1810
Sherman Oaks, CA 91403

Attn:    Mr. Neil Sacker

RE:   **Earthbound Films v. I Vision Pictures 11-60**          Matter No.   835
                                                                 Invoice No.  4150

*For legal services rendered and costs advanced through November 2, 2011*

---

### SUMMARY

| | |
|---|---:|
| Current Fees | $2,485.00 |
| Current Costs | $30.00 |
| Current Fees and Costs | **$2,515.00** |
| Trust Funds Applied to Current Invoice | -$1,500.00 |
| **TOTAL BALANCE NOW DUE** | **$1,015.00** |

-- Detail Attached --

PAYMENT DUE WITHIN 20 DAYS
PLEASE REMIT PAYMENT BY NOVEMBER 22, 2011

Exhibit A, Page 8

ZIMMERMAN WALKER & MONITZ LLP

RE: EARTHBOUND FILMS V. I VISION PICTURES 11-60
INVOICE NO. 4150
November 2, 2011
Page 2

### DETAIL FOR CURRENT PERIOD

| DATE | DESCRIPTION | HOURS | LAWYER |
|---|---|---|---|
| 9/14/11 | Review of claim and exhibits | 0.50 | RMM |
| 9/15/11 | Correspondence to parties re scheduling conference and one-time extension | 0.30 | RMM |
| 9/26/11 | Correspondence to parties re pre-hearing conference | 0.20 | RMM |
| 10/3/11 | Draft and serve Notice of Default of Respondent | 0.40 | RMM |
| 10/4/11 | Conduct Pre-Hearing Conference; draft scheduling order | 1.00 | RMM |
| 10/17/11 | Correspondence from and to new counsel for claimant | 0.20 | RMM |
| 10/20/11 | Correspondence from and to counsel for claimant re application for one day extension and to submit claim on papers in lieu of hearing | 0.20 | RMM |
| 10/21/11 | Correspondence from Claimant; analysis of submissions and exhibits; research and correspondence re filing fees paid; correspondence to parties re receipt of submissions and vacating of hearing date; | 0.70 | RMM |
| 10/23/11 | Review declarations and exhibits; draft award and findings | 2.40 | RMM |
| 10/24/11 | Legal research; revise award | 0.60 | RMM |
| 10/25/11 | Correspondence from and to counsel for claimant; revise award | 0.40 | RMM |
| 10/27/11 | Finalize award for final review and execution | 0.30 | RMM |

**TOTAL HOURS**

Ronald M. Monitz                                                                 7.20

ZIMMERMAN WALKER & MONITZ LLP

RE: EARTHBOUND FILMS V. I VISION PICTURES 11-60
INVOICE NO. 4150
November 2, 2011
Page 3

| | | |
|---|---|---|
| **TOTAL FEES** | | $2,485.00 |
| **COSTS** | | |
| Photocopy/Printing | $30.00 | |
| | $30.00 | |
| **TOTAL FEES AND COSTS** | | $2,515.00 |

## TRUST ACCOUNT STATEMENT

| | |
|---|---|
| **PRIOR TRUST BALANCE** | $0.00 |
| Received from Earthbound Films LLC | $1,500.00 |
| Applied to Current Invoice | -$1,500.00 |
| **CURRENT TRUST BALANCE** | $0.00 |